**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4519**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TOMMY PENNIEGRAFT,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (1:03-cr-00454-JAB-5)

_____

Submitted:  December 18, 2006          Decided:  January 18, 2007

_____

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ames C. Chamberlin, THE LAW OFFICES OF AMES C. CHAMBERLIN, PLLC, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Penniegraft pled guilty to conspiracy to commit loan, mail, wire, and bank fraud, in violation of 21 U.S.C. § 371 (2000). He was sentenced to twenty-eight months in prison. After Penniegraft noted his appeal, we granted his unopposed motion to remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). At resentencing, the district court considered Penniegraft's advisory guideline range in conjunction with the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) and again imposed a sentence of twenty-eight months. Penniegraft now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review. Although Penniegraft was informed of his right to file a pro se supplemental brief, he did not file such a brief. We now affirm the conviction and sentence.

In imposing a sentence post-Booker, the sentencing court must calculate the appropriate advisory guideline range, making any necessary factual findings. The court then should consider that range in conjunction with the factors set out at 18 U.S.C.A. § 3553(a) and determine a proper sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted). "[A] sentence within the properly calculated

- 2 -

Guidelines range . . . is presumptively reasonable." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Here, the twenty-eight month sentence falls within the statutory range of not more than five years in prison. <u>See</u> 18 U.S.C. § 371. Further, the district court correctly determined the advisory guideline range of 24-30 months and, after consideration of the § 3553(a) factors, imposed a sentence within that range. We find that the resulting twenty-eight-month sentence is reasonable. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>petition for cert. filed</u>, ____ U.S.L.W. ____ (U.S. July 21, 2006) (No. 06-5439); <u>Green</u>, 436 F.3d at 457.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of such motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.